# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-2382NI, 02-3127NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for the |
| | * | Northern District of Iowa |
| | * | |
| Angela Jane Johnson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 9, 2003
Filed: December 8, 2003

_____

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is our second decision regarding Angela Johnson. The controversy comes from the same basic facts as the first. The United States placed Robert McNeese, an experienced jailhouse informant, in the same jail facility where Ms. Johnson was residing. Defendant was awaiting trial for aiding and abetting the murder of several individuals who were scheduled to be witnesses in another trial. Mr. McNeese was able to elicit information from Ms. Johnson concerning the killings of the would-be witnesses. The government seeks to introduce that information into evidence at Ms. Johnson's trial.

I.

Initially, Ms. Johnson was indicted on six counts of violating 18 U.S.C. § 1512(a)(1)(A), (C).[1] She was accused of aiding and abetting the killing of three potential witnesses, together with two children of one of these witnesses, who were going to testify against her then boyfriend, Dustin Honken, in his drug-conspiracy trial. Later, a second indictment was returned against Ms. Johnson, charging her with violating the Continuing Enterprise Statute, 21 U.S.C. § 848(e)(1)(A).[2] The second

---

[1] 18 U.S.C. § 1512 (a)(1)(A) and (C) provide:

> Whoever kills or attempts to kill another person, with intent to —
>
> > (A) prevent the attendance or testimony of any person in an official proceeding;
> >
> > . . .
> >
> > (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of a probation, parole, or release pending judicial proceedings;
>
> shall be punished as provided in paragraph (2).

[2] 21 U.S.C. § 848(e)(1)(A) provides:

> In addition to the other penalties set forth in this section —
>
> > (A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills

indictment contained ten counts and accused the defendant of aiding and abetting the killing of the same five persons, but, this time, for the purpose of furthering offenses against the drug laws.

The principal issue on appeal concerns the testimony of Mr. McNeese, who became a government informant. The District Court granted defendant's motion to suppress Mr. McNeese's testimony with respect to both indictments. United States v. Johnson, 225 F. Supp. 2d 1022 (N.D. Iowa 2002). In our first opinion in this case, 338 F.3d 918 (8th Cir. 2003), we held that Mr. McNeese was not a government agent before September 11, 2000. (The government conceded his agency status after that date.) Accordingly, we reversed the judgment of the District Court with respect to all information gathered by Mr. McNeese before the date in question, and held that this evidence would be admissible against Ms. Johnson in the trial of the first indictment. We thought it unnecessary to deal with any issue respecting the second indictment (believing that our decision with respect to the first indictment made these issues moot).

After the filing of our opinion, the United States filed a petition for panel rehearing. This petition concerned the second indictment. The District Court had held that the offenses alleged in the second indictment were in fact the same, for purposes of the Sixth Amendment right to counsel, as those alleged in the first indictment, and that, therefore, Mr. McNeese's testimony would be equally inadmissible at a trial of the second indictment. United States v. Johnson, supra, 225 F. Supp. 2d. at 1067. The government's petition explained that the issues respecting the second indictment were not moot. If the offenses alleged in the two indictments

or counsels, commands, induces, procures, or causes the intentional killing of an individual, and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death[.]

were not the same, for example, Ms. Johnson's right to counsel under the Sixth Amendment under the second indictment would not have attached at the time of any of her conversations with Mr. McNeese. Accordingly, the government urged, if it should win the same-offense issue, it could use all of Mr. McNeese's evidence, without distinction, against Ms. Johnson on the second indictment.

We agree with the government that our first opinion ought to have addressed the same-offense issue. We therefore granted the government's petition for rehearing by the panel, and now decide issues we did not reach in our first opinion.

## II.

Ms. Johnson first argues that the Sixth Amendment issue with respect to the second indictment is not ripe for adjudication. We agree with the District Court's determination, 225 F. Supp. 2d at 1038, that the issue is ripe. As that Court observed, the same-offense controversy is a live one. Mr. McNeese's eliciting of information from Ms. Johnson in the absence of the lawyer who had been appointed to represent her on the first indictment had already occurred at the time the second indictment was returned. Whether the second indictment will ever be tried will probably depend, at least in part, on how we resolve the same-offense issue. So the question has current significance.

## III.

As we have noted, the major issue on this appeal, with respect to both of the indictments, is the admissibility of Mr. McNeese's testimony under the Sixth Amendment, which protects Ms. Johnson's right to counsel. At the time of her conversations with Mr. McNeese, counsel had been appointed for her on the first indictment, but the second indictment had not yet been returned. Accordingly, she had, at that time, no Sixth Amendment right to counsel under the second indictment,

unless, as we have said, that indictment alleged the same offenses as the first. Separately, however, she urges that the reception of Mr. McNeese's testimony would violate the Fifth Amendment, part of which protects her privilege against self-incrimination. She was in custody when Mr. McNeese talked with her, their conversations, she argues, were an interrogation of her on his part, and she had not been given Miranda warnings with respect to the charges contained in the second indictment.

We reject this argument. Conversations between a defendant and a jailhouse informant simply do not fit the Miranda doctrine. By hypothesis, the defendant does not know that the fellow inmate with whom she is speaking is going to testify against her. If she did know it, she certainly would not speak with him. If the jailhouse informant, or some other person, should give the defendant a Miranda warning immediately before the informant began conversing with her, the whole purpose of the undercover operation would be destroyed. And it is well settled that such operations are lawful, so long as they do not run afoul of the Sixth Amendment right to counsel. It makes no sense to require that a jailhouse informant, whether acting as a government agent or not, warn a defendant that anything she says to him can be used against her. We observe, in addition, that there is no evidence of coercion here. Ms. Johnson did not have to speak with Mr. McNeese. Indeed, her lawyer had warned her not to talk to anybody about her case, and she was specifically instructed not to talk to Mr. McNeese, as he was a known police informant. Acting on her own volition, she disregarded the advice of her lawyer and volunteered information to Mr. McNeese. See, e.g., Illinois v. Perkins, 496 U.S. 292, 298-99 (1990) (that an accused has been lulled into believing that a jailhouse informant was sympathetic did not affect the voluntariness of his statements). We find it especially persuasive that much of the incriminating information was passed in the form of notes written by Ms. Johnson. She had plenty of time to think about these notes before sending them. She was acting voluntarily. There was no Fifth Amendment violation.

IV.

We come now to the major question. Does the second indictment allege the "same offenses" as the first? If so, evidence obtained by Mr. McNeese on or after September 11, 2000, a point at which he concededly became a government agent, would not be admissible against her.

The leading recent authority is Texas v. Cobb, 532 U.S. 162 (2001). Cobb makes it uncompromisingly clear that the Sixth Amendment right in question here is "offense specific." It also holds that whether an offense is the same for Sixth Amendment purposes depends, in the first instance, on the "test" laid out for double-jeopardy purposes in Blockburger v. United States, 284 U.S. 299, 304 (1932). Blockburger holds that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Ibid. The District Court, applying this test, held that the two offenses, the CCE offense alleged in the second indictment, and the witness-tampering-murder offense alleged in the first indictment, were the same.

For purposes of this appeal, we assume without deciding that the District Court was correct on this point. The government urges, however, and the defendant in her briefs in this Court does not deny, that there is more to the Blockburger doctrine. Even if the elements of two offenses are the same, prosecution on the second charge is permissible under the Double Jeopardy Clause if the legislature intended that the second offense be separately punishable from the first. Missouri v. Hunter, 459 U.S. 359 (1983). This refinement of Blockburger applies here, and requires that we decide this case in favor of the government. In Garrett v. United States, 471 U.S. 773 (1985), the Supreme Court held that prosecution of a continuing criminal enterprise was permissible, despite the previous prosecution of predicate offenses, because Congress intended that the CCE offense be a separate one at law enforcement's

prosecutorial disposal. Id. at 784. This Court has recognized and applied the holding of Garrett. See United States v. Allen, 247 F.3d 741, 769 (8th Cir.), vacated and remanded on other grounds, 536 U.S. 953 (2002). It is our opinion that Blockburger, Garrett, and Cobb, taken together, teach that a second charge lawful under the Double Jeopardy Clause must also be treated as a separate offense for Sixth Amendment purposes. Accordingly, Ms. Johnson's Sixth Amendment right had not attached at the time of her conversations with Mr. McNeese, and those conversations are freely admissible against her.

To summarize: evidence obtained by Mr. McNeese before September 11, 2000, is admissible under the first indictment; evidence obtained by him on or after that date is not admissible on the first indictment; but all of the evidence obtained by him is admissible on the second indictment.

V.

We have considered Ms. Johnson's other claims and reject them.

The judgment of the District Court, to the extent that it suppressed evidence obtained by Mr. McNeese and prevented its use on the second indictment, is reversed. Our previous holding, that Mr. McNeese was not a government agent before September 11, 2000, remains in effect. The case is remanded to the District Court for further proceedings consistent with this opinion.

It is so ordered.

BYE, Circuit Judge, concurring.

I join in the majority opinion, however, I write separately to emphasize joining in this opinion does not modify or compromise my original dissent in the first

opinion, <u>United States v. Angela Jane Johnson</u>, 338 F.3d 918 (8th Cir. 2003) (Bye, dissenting).  I intend for that dissent to remain intact there.  I dissented from the original panel decision as I disagreed with the majority's holding Robert McNeese as not being a government agent before September 11, 2000.  It is, I believe, entirely consistent with such position to now join in the present majority opinion which addresses the separate and distinct issue of whether all evidence obtained by McNeese is admissible as to the second indictment because the charge therein does not allege the same offense as did the first indictment.  This is so because if Angela Jane Johnson's Sixth Amendment right to counsel as to the second indictment had not attached at any time during her conversations with McNeese, as the majority concludes, then the government could not have violated this right by having him act as a government agent before or after September 11, 2000, simply because no such right had attached.

I further note the majority opinion states "[o]ur previous holding, that Mr. McNeese was not a government agent before September 11, 2000, remains in effect," thereby acknowledging the distinction between the issues resolved in the two panel opinions.

_____