UNITED STATES of America,
Plaintiff,

v.

Angela JOHNSON, Defendant.

No. CR 01–3046–MWB.

United States District Court,
N.D. Iowa,
Central Division.

April 11, 2005.

Charles J. Williams, Patrick J. Reinert, U.S. Attorney's Office, Northern District of Iowa, Cedar Rapids, IA, Thomas Henry Miller, AAG Hoover State Office, Des Moines, IA, for Plaintiff.

Alfred E. Willett, Terpstra, Epping & Willett, Cedar Rapids, IA, Dean A. Stowers, Rosenberg, Stowers & Morse, Robert R. Rigg, Drake University Legal Clinic, Des Moines, IA, Patrick J. Berrigan, Watson & Dameron, LLP, Kansas City, MO, for Defendant.

### ORDER

BENNETT, Chief Judge.

This matter comes before the court pursuant to the defendant's April 8, 2005, Motion To Dismiss Indictment Due To Failure To Charge Offenses (docket no. 407), which the defendant supplemented on April 11, 2005 (docket no. 410) with counsel's signatures and proof of service on the government this morning. In her motion, Johnson contends that the Second Superseding Indictment (docket no. 233) should be dismissed in its entirety, because it fails to charge the essential element of a "substantive connection" between the alleged killings and either a drug conspiracy or a continuing criminal enterprise (CCE) for an offense under 21 U.S.C. § 848(e)(1)(A).

■ The court agrees that a "substantive connection" between the killing and the drug conspiracy or the CCE is an essential element of a capital offense under 21 U.S.C. § 848(e)(1)(A). Indeed, the undersigned expressly so ruled in this case in August of 2002. *See United States v. Johnson,* 225 F.Supp.2d 1022, 1058 (N.D.Iowa 2002) (citing *United States v. Moore,* 149 F.3d 773, 779 (8th Cir.), *cert. denied,* 525 U.S. 1030, 119 S.Ct. 570, 142 L.Ed.2d 475 (1998)), *rev'd on other grounds,* 352 F.3d 339 (2003). However, Johnson's assertion of failure to plead the necessary "substantive connection" is both untimely and unpersuasive.

■ First, the defendant has known that "substantive connection" is an element of the § 848 offenses charged here at least since this court's ruling in August of 2002, she has asserted other challenges to the § 848 offenses without raising this issue, and she now attempts to raise the issue well after the deadline for pretrial motions set by the undersigned in this case. Furthermore, the defendant has not asserted any "good cause" for her failure to raise this argument, and the court finds that there is none. Thus, the issue of this supposed deficiency of the indictment has been waived.

■ Second, even if the defendant has not waived her present contention, the Eleventh Circuit Court of Appeals has expressly rejected it in a decision that this court finds persuasive. As *Johnson* recognizes, in *United States v. Chandler,* 996

F.2d 1073 (11th Cir.1993), the Eleventh Circuit Court of Appeals rejected a defendant's contention "that the indictment failed to allege ... a connection between the murder and the enterprise" for the § 848 offense charged in that case. *Chandler*, 996 F.2d at 1096–97. The court found that the indictment was sufficient, where it charged that the murder was committed by the defendant " 'while engaging in and working in furtherance of a continuing criminal enterprise.'" *Id.* at 1097 (quoting the indictment); *see also* 21 U.S.C. § 848(e)(1)(A) (defining a capital offense for any person who commits murder "while engaging in or working in furtherance of a continuing criminal enterprise" or while "engaging in" an offense, such as a drug conspiracy, punishable under § 841(b)(1)(A)). The court explained:

> The indictment was sufficient because it did require a nexus between the enterprise and the murder of Shuler. An indictment may track the language of the statute "as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982)
>
> The language of the indictment is sufficient. The indictment tracks the language of the statute as written by Congress. Moreover, any reasonable reading of the indictment makes it clear that the government was charging Chandler with a murder in connection with, and not just contemporaneous to, the ongoing continuing criminal enterprise. The necessary connection between the murder and the enterprise was thus present in the indictment.

*Chandler*, 996 F.2d at 1097. Here, the indictment also charges that each of the murders was committed while Johnson was "engaging in" a drug conspiracy, Second Superseding Indictment, Counts 1–5, or while "working in furtherance of" a CCE, *id.*, Counts 6–10. Thus, as in *Chandler*, the indictment is sufficient because it tracks the statutory language. *See Chandler*, 996 F.2d at 1097. The Eighth Circuit Court of Appeals also holds that an indictment that tracks the language of a statute is sufficient. *See, e.g., United States v. Hill*, 386 F.3d 855, 859 (8th Cir.2004) ("The indictment tracks this [statutory] language, and we fail to see how an indictment under § 922(q)(1) that tracks the statutory elements is defective."). Finally, as in *Chandler*, "any reasonable reading of the indictment makes it clear that the government was charging [Johnson] with a murder in connection with, and not just contemporaneous to, the ongoing continuing criminal enterprise [or conspiracy]." *Chandler*, 996 F.2d at 1097. Thus, as in *Chandler*, "[t]he necessary connection between the murder and the enterprise [or conspiracy] was ... present in the indictment." *Id.* The indictment in this case does not inadequately charge the necessary "substantive connection" element.

THEREFORE, Johnson's April 8, 2005, Motion To Dismiss Indictment Due To Failure To Charge Offenses (docket no. 407), as supplemented on April 11, 2005 (docket no. 410), is **denied.**

**IT IS SO ORDERED.**