Mertin FONDREN *v.* STATE of Arkansas

CR 05-250                                         221 S.W.3d 333

Supreme Court of Arkansas
Opinion delivered January 5, 2006

*Bart Ziegenhorn*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. Appellant, Mertin Fondren, appeals from an order of the Crittenden County Circuit Court convicting him of felony fleeing, manslaughter, and misdemeanor theft. He was sentenced to sixty years in prison as a habitual offender. Appellant first alleges that the trial court erred by failing to grant his motion for a directed verdict. Second, he contends that the trial court erred by submitting a manslaughter instruction to the jury, arguing that fleeing is not an appropriate underlying felony to the manslaughter charge. This appeal involves an issue of first impression and a substantial question of law concerning the interpretation of a criminal statute; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (b)(6). We find no error and affirm.

On September 11, 2003, around 8:00 p.m., appellant and two other individuals entered the Save-a-Lot grocery store parking lot. The three individuals went into the store and filled a shopping cart full of candy. They loaded the candy into their vehicle and drove off, toward Interstate 55. The assistant manager of the Save-a-Lot had noted the make, model, and license plate number of the vehicle, and phoned the police. An inventory later conducted indicated that ten to twelve boxes of candy had been stolen from the store. The West Memphis Police Inspector, Irwin Shelton, heard the dispatcher reporting the incident at the Save-a-Lot and responded. While en route to the store, Shelton saw a vehicle that fit the reported description, got behind it, and verified that it was the same vehicle. Shelton then turned on the patrol car's blue lights. However, the car immediately sped away and Shelton radioed in to say that he was in pursuit. Two other officers, Michaeal Waters and Robert Hester, were on duty in Waters' patrol car when they heard Shelton's radio transmission and they joined Shelton in the pursuit. The suspects' vehicle was headed to the last entrance from Broadway Interstate 55, which was closed at the time for construction. Shelton slowed down, allowing Waters to take the lead in the chase, as Shelton's vehicle was not equipped with bar lights. The officers then followed the vehicle onto the closed portion of the interstate. Hester testified that the closed portion was pitch dark and that the road had recently been grated, causing the cars to stir up dirt and gravel, further hindering

visibility. Waters attempted to switch lanes to avoid some of the dust, but hit a concrete barrier and his patrol car flipped. Waters was ejected from the vehicle and suffered severe external and internal injuries. Shelton stopped, found Waters, and attempted to take his pulse, but found he did not have one. Waters died as a result of the incident.

Appellant was found guilty of manslaughter for the death of Officer Waters. According to Ark. Code Ann. section 5-10-104, a person commits manslaughter if

> (4) Acting alone or with one (1) or more persons, *he commits* or attempts to commit *a felony*, and *in the course of and in furtherance of the felony* or in immediate flight therefrom:
>
> (A) He or an accomplice negligently cause the death of any person
> . . . .

Ark. Code Ann. § 5-10-104 (emphasis added.) While fleeing by means of a vehicle is usually considered a misdemeanor, under Ark. Code Ann. section 5-54-125, fleeing by means of a vehicle is considered a felony in two circumstances: (1) under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle in such a manner that creates a substantial danger of death or serious physical injury to another person or persons, a Class D felony, or (2) where serious physical injury to any person occurs as a direct result of the fleeing by vehicle, a Class C felony. Ark. Code Ann. § 5-54-125.

When appellant first stole the candy, he committed a misdemeanor. Appellant then fled and drove away in such a dangerous manner on a closed highway that officers were forced into a high speed chase. Those actions constituted a Class D felony, for which he was not charged. Since Officer Waters was injured as a result of the chase, appellant's actions then constituted a Class C felony, for which he was charged and convicted. Because Officer Waters died as a result of appellant's actions in continuing to flee, he was charged and convicted of manslaughter, based on section 5-10-104, "in the course and furtherance of that felony (fleeing)". Appellant argues that fleeing is not an appropriate felony to be used as the basis of his manslaughter charge since the fleeing statute specifically says that "fleeing is a separate offense and shall not be considered a lesser included offense or component offense with relation to other offenses which may occur simultaneously with the fleeing." Ark. Code Ann. § 5-54-125.

■ Appellee argues that appellant's argument is not preserved for our review because he did not object to the imposition of his sentence after the jury returned its verdict. However, the case law cited by appellee to support the notion that some objections can not arise until after the sentencing verdicts is not applicable to this case. The two cases cited by appellee, *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001) and *Hill v. State*, 314 Ark. 275, 862 S.W.2d 836 (1993), discuss how objections in double jeopardy situations do not arise until after the jury's verdict because a defendant can be *prosecuted* for multiple offenses, whereas certain multiple *convictions* are barred by the Double Jeopardy Clause. That analysis is clearly distinguishable from the instant case, where appellant made a proper directed-verdict motion alleging that the evidence was not sufficient to sustain a verdict for manslaughter because there was not an appropriate felony to support the manslaughter charge. He properly renewed that motion at the end of the trial, in addition to objecting to a jury instruction based on the same argument. While appellant did not seek relief by a posttrial motion or by requesting a new trial, controlling case law has only required a motion for directed verdict be made at the end of the prosecution's case, and again at the close of all the evidence, in order for issues argued at the trial court level to be preserved for appellate review. Hence, appellant's argument was adequately preserved for appellate review.

■ This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Hampton v. State*, 357 Ark. 473, 183 S.W.3d 148 (2004); *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id*. When reviewing a challenge to the sufficiency of the evidence, we consider all the evidence, including that which may have been inadmissible, in the light most favorable to the State. *Hampton, supra*; *George v. State*, 356 Ark. 345, 151 S.W.3d 770 (2004). In reviewing a trial court's decision to submit a jury instruction, the issue is whether the slightest evidence supports the instruction. *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). The trial court's determination will not be reversed absent an abuse of discretion. *Gillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003).

We find that the evidence in this case did support the trial court's decisions to deny appellant's directed-verdict motion and to give an instruction to the jury regarding manslaughter.

Appellant's objections, to the denial of the directed-verdict motion and the instruction given to the jury, both turn on whether a defendant can be convicted of manslaughter when the only underlying felony is fleeing. However, the statute defining manslaughter clearly states that the crime of manslaughter is committed when one commits *a felony* and, in the course of and furtherance of that felony or the flight therefrom, negligently causes the death of another. There is nothing to indicate that only specified felonies will qualify. Rather, *any* felony will support a conviction for manslaughter.

When reading the manslaughter statute and the fleeing statute together, it may, at first glance, appear that fleeing was not anticipated as being the underlying felony because the statute includes language illustrating that an individual could also be in immediate flight from a felony when the manslaughter occurs. One might pause to question how an individual could possibly be in flight from fleeing. However, read more carefully, one should notice that the manslaughter statute includes a strategically placed *or*:

> (4) Acting alone or with one (1) or more persons, he commits or attempts to commit a felony, and in the course of and in furtherance of the felony *or* in immediate flight therefrom:
>
> (A) He or an accomplice negligently cause the death of any person
> . . . .

Ark. Code Ann. § 5-10-104 (emphasis added). In the instant case, appellant was convicted of felony fleeing. While appellant was in the course of and in furtherance of that felony, Officer Waters was negligently killed. The instant case was *not* a situation where a felony occurred, and then the death occurred while appellant was in immediate flight from that felony. The latter situation describes how a defendant could be prosecuted under the manslaughter statute according to the language following the "or."

■ While appellant correctly states the content of the fleeing statute, and illustrates that fleeing is to be considered a separate offense and shall not be considered a lesser included

offense or component offense of another crime, appellant is confused about the application of that language. Appellant argues that the fleeing only became a felony because the jury found that serious physical injury, the death of Officer Waters, occurred as a direct result of it, and that appellee then used the same act to convict appellant of manslaughter. Although not specifically on point, the reasoning behind one of Judge Richard Arnold's opinions is applicable to this situation. *See United States v. Johnson*, 352 F.3d 339 (8th Cir. 2004). In *Johnson*, the Eighth Circuit Court of Appeals had to determine if two indictments alleged the same offense. *Id.* After evaluating *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932), the court held that if the legislature intended that one offense be separately punishable from the other, prosecution on both charges is permissible even when the elements of the two offenses are the same. *Id.* In the instant case, the manslaughter charge might have arisen from the same events as the felony fleeing, however the legislature clearly intended that fleeing be punishable as a separate offense. Ark. Code. Ann § 5-54-125. Section 5-54-125 was amended by Act 410 of 1995 for the express purpose of making fleeing by means of any vehicle or conveyance a felony offense. Although the language of section 5-54-125 reads that a felony should not be a "component offense," the intent of the legislature was for a felony to be considered a separate offense *in addition* to any other offenses that a defendant may have committed. Fleeing is not to merge into a larger crime. Appellant's conviction for fleeing should not disappear simply because he was also convicted of manslaughter. Appellant's argument focuses too narrowly on the term "component offense," without considering the intent of the legislature. The legislative intent was to expand the fleeing statute; therefore, this court's interpretation is that fleeing can serve as an underlying felony for another offense.

Affirmed.

HANNAH, C.J., and IMBER, J., dissent.

A NNABELLE CLINTON IMBER, Justice, dissenting. The majority holds that felony fleeing is an appropriate felony on which to base a manslaughter conviction. However, the plain language of the felony-fleeing statute, Ark. Code Ann. § 5-54-125, does not contemplate such a use. For the reasons stated below, I respectfully dissent.

According to the manslaughter statute, a person commits the offense of manslaughter if:

> (4) Acting alone or with one (1) or more persons, he commits or attempts to commit a felony, and in course of and in furtherance of the felony or in the immediate flight therefrom:
>
> (A) He or an accomplice causes the death of any person.

Ark. Code Ann. § 5-10-104 (Repl. 1997). In this case, the underlying felony upon which Mr. Fondren's manslaughter conviction was based was felony fleeing. The statute defining fleeing states in relevant part:

> (a) If a person knows that his immediate arrest is being attempted by a duly authorized law enforcement officer, it is the lawful duty of such person to refrain from fleeing, either on foot or by means of any vehicle.
>
> (b) Fleeing is a separate offense and shall not be considered a lesser included offense or component offense with relation to the other offenses which may occur simultaneously with the fleeing.

. . . .

> (d)(2) Where serious physical injury to any person occurs as a direct result of fleeing by means of any vehicle or conveyance, the offense shall be a Class C Felony.

Ark. Code Ann. § 5-54-125 (Repl. 1997). Notably, the statute plainly states that fleeing shall not be considered a "component offense with relation to the other offenses which may occur simultaneously with the fleeing." In the case of felony manslaughter, this means that fleeing cannot be a component offense for the manslaughter charge; in the instant case, however, that is precisely what happened.

Instead of addressing the interplay between the manslaughter statute and the felony-fleeing statute, the majority erroneously enters into a sufficiency of the evidence analysis, but the appropriate analysis in this case is one of statutory interpretation. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003); *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We

construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Harness v. State, supra.* In this case, the language of the statute *is* plain and unambiguous and conveys the clear and definite meaning that fleeing is not to be considered a component offense with relation to other offenses which may occur simultaneously with the fleeing. Ark. Code Ann. § 5-54-125. Thus, as the death of Officer Walters occurred simultaneously with the fleeing, felony fleeing is not an appropriate felony to support the manslaughter charge.

The majority avoids the pivotal issue by noting that the manslaughter statute does not specify which felonies qualify to support a conviction for manslaughter and then holding, "Rather, *any* felony will support a conviction for manslaughter." Unfortunately, such a statement does not solve the underlying question at issue. The fact that the manslaughter statute does not preclude the use of felony fleeing as an underlying felony for manslaughter is irrelevant when the fleeing statute itself contains such an exclusion. We have repeatedly held there is no better settled rule in criminal jurisprudence than the rule that criminal statutes must be strictly construed and pursued. *Heikkila v. State,* 352 Ark. 87, 98 S.W.3d 805 (2003); *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003). The courts cannot, and should not, by construction or intendment, create offenses under statutes which are not in express terms created by the legislature. *Heikkila v. State, supra; Smith v. State, supra; Williams v. State,* 347 Ark. 728, 67 S.W.3d 548 (2002). Despite these established tenets of statutory construction, the majority in this case affirms a manslaughter conviction based entirely on a felony specifically excluded by the legislature. I must respectfully dissent.

HANNAH, C.J., joins this dissent.