Daniel HAGEN *v.* STATE of Arkansas

CR 94-20 883 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*Claibourne C. Crews*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Daniel Hagen, was convicted of first degree terroristic threatening (Ark. Code Ann. § 5-13-301), second degree battery (Ark. Code Ann. § 5-13-202), and attempted kidnapping (Ark. Code Ann. § 5-3-201) along with some other counts not involved in this appeal. The three relevant convictions arose from a single incident. Mr. Hagen contends his right not to be convicted more than once for the same conduct has been offended. We find no merit in the appeal and thus affirm.

Christina Alexander testified that, as she was walking toward her car in a parking lot after shopping in a supermarket, she noticed Mr. Hagen walking parallel to her. As she put her gro-

ceries in her car, she saw Mr. Hagen coming toward her. He asked her name and said he knew her. She told him he was mistaken, at which point he placed his arm across the car door. She demanded he get away from her car. He grabbed her hair and tried to bend her over to force her into her car. He put a gun to her side, and told her to get in the car or he would kill her.

Ms. Alexander resisted getting in the car and began to yell and fight with Mr. Hagen. He hit her in the face and head with the gun as they struggled on the parking lot. He left, and she returned to the store and reported the incident to the police.

At the close of the State's case in chief, Mr. Hagen moved to dismiss the terroristic threatening and battery charges on the double jeopardy ground. The motion was denied. He argues it should have been granted because the acts alleged in those counts were part of the attempted kidnapping. He contends it was all a "continuing course of conduct" that was prompted by a single impulse, the prosecution of which was prohibited by Ark. Code Ann. § 5-1-110(a) (Repl. 1993) which provides in pertinent part:

> When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

> \* \* \*

> (5) The conduct constitutes an offense defined as a a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

> \* \* \*

The only case authority cited by Mr. Hagen is *Rowe* v. *State*, 271 Ark. 20, 607 S.W.2d 657 (1980), *cert. denied* 450 U.S. 1043 (1980). In that case we held it was not improper for the defendant to have been convicted of both aggravated robbery and attempted capital murder. Rowe allegedly shot his victim while attempting to rob her at gunpoint. We said neither of the offenses was, in the words of the statute, "defined as a continuing course of conduct," and we offered the following explanation:

We made it clear in *Britt* [v. *State*, 261 Ark. 488, 549 S.W.2d 84 (1977),] that a continuing offense must be a continuous act or series of acts set on foot by a single impulse and operated by an unintermittent force. We emphasized the distinction made by Mr. Wharton in his treatise (Wharton's Criminal Procedure) which was pointed out in *Blockburger* v. *United States*, 284 U.S. 299 . . . (1932). According to that distinction, when the impulse is single but one charge lies, no matter how long the action may continue, if successive impulses are separately given, even though all unite in swelling a common stream of action, separate charges lie; and the test is whether the individual acts are prohibited or the course of action they constitute, if the former, each act is punished separately, if the latter, there can be but one penalty. We made it clear that § 41-105 (1)(2) did not change the common law rule.

Arkansas Stat. Ann. § 41-105 is now codified as Ark. Code Ann. § 5-1-110, cited above.

■ We have considered the argument made by Mr. Hagen with respect to the statute on more than one occasion. We have held consistently that, unless an offense is defined as a "continuing course of conduct crime," the statute does not apply. See, *e.g., Smith* v. *State*, 296 Ark. 451, 757 S.W.2d 554 (1988), in which we held it appropriate to convict a defendant of seven counts of terroristic threatening for having held seven people at bay with a weapon in one incident. We cited examples of continuing course of conduct offenses as nonsupport, Ark. Code Ann. § 5-26-401 (Repl. 1993), and obstructing a highway, Ark. Code Ann. § 5-71-214 (Repl. 1993).

■ We pointed out in the *Rowe* case that there had been one impulse to rob the victim and a second impulse to shoot her when she resisted. That rationale fits here. The evidence displayed an impulse to kidnap the victim and additional impulses to batter and threaten to kill her when she resisted the kidnapping.

■ Nor can we agree there was a violation of the double jeopardy proscriptions found in U.S. Const., amend. V, or Ark. Const. art. 2, § 8. As the United States Supreme Court stated

in the *Blockburger* case, quoting Professor Wharton, "'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. . . . If the latter, there can be but one penalty.'" Each of the charges in this case was of a separate, prohibited act.

Affirmed.