Robert HAMPTON *v.* STATE of Arkansas

CR 03-1334                                    183 S.W.3d 148

Supreme Court of Arkansas
Opinion delivered May 20, 2004

G.B. *"Bing" Colvin*, Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. On September 26, 2001, a criminal information was filed charging appellant, Robert Hampton, with the offense of nonsupport in violation of Ark. Code Ann. § 5-26-401 (Supp. 2001). The information alleged that appellant had failed to provide court-ordered support for his child for approximately six years and that he was in arrears in the court-ordered support for more than $2,500. The information further alleged that the offense was a Class D felony.

On May 6, 2002, appellant filed a motion in *limine* seeking to limit the period of time in which the State could charge appellant for nonsupport and seeking to limit the amount of time whereby the State could calculate the amount of child support owed. After a hearing on the issue, the trial court denied appellant's motion.

A jury trial was held in appellant's case on May 6, 2002. After considering the evidence, the jury found appellant guilty of

nonsupport. Appellant was placed on supervised probation for a period of seventy-two months and was ordered to pay $6,437.10 in restitution.

Appellant appealed his conviction to our court of appeals. In an unpublished opinion, the court of appeals reversed appellant's conviction. *See Hampton v. State*, CA CR 02-1313, slip opinion (Ark. App. Nov. 12, 2003).

■ On November, 25, 2003, the State filed a motion seeking our review of the court of appeals' opinion. On January 29, 2004, we granted the State's motion. When we grant a petition to review a decision of our court of appeals, we treat the matter as if the appeal had been originally filed in this court. *Flores v. State*, 348 Ark. 28, 69 S.W.3d 864 (2002). Appellant raises three points for our consideration. We affirm the trial court and reverse the court of appeals.

■ In his first point on appeal, appellant argues that the trial court erred when it denied his motion for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). In *George v. State*, 356 Ark. 345, 151 S.W.3d 770 (2004), we discussed our rules for reviewing sufficiency of the evidence. We wrote:

> The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. When reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Additionally, when reviewing a challenge to the sufficiency of the evidence, we consider evidence, which may have been inadmissible, in the light most favorable to the State

*Id.* (internal citations omitted).

Appellant was convicted of violating Ark. Code Ann. § 5-26-401, which provides in relevant part:

> (a) A person commits the offense of nonsupport if he fails to provide support to:

. . . .

(2) His legitimate child who is less than eighteen (18) years old;

. . . .

(b)(1) Nonsupport is a Class A misdemeanor, except that it is a Class D felony if:

. . . .

(C) The person owes more than two thousand five hundred dollars ($2,500) in past-due child support, pursuant to a court order or by operation of law, and the amount represents at least four (4) months of past-due child support.

*Id.*

At the close of the State's case-in-chief, appellant's attorney requested a directed verdict. He argued that appellant was entitled to a directed verdict because "nonsupport is for a person's child under eighteen. And no one with knowledge has testified that [appellant] has a child who is under eighteen years of age." This motion was properly renewed at the close of appellant's case-in-chief. Appellant continues this argument on appeal. Appellant argues that the testimony establishing the age of his child was hearsay and notes that it was gained through a question asked by the trial court.[1]

To determine whether there was sufficient evidence upon which to convict appellant, we must review the testimony presented at trial. Paul Selby, an employee with the Office of Child Support Enforcement, testified that appellant was obligated to pay child support for his son, Chad Hampton, who Mr. Selby "believed" had turned "seventeen." After Mr. Selby's testimony regarding the age of appellant's child, the trial court asked if either attorney had further questions for Mr. Selby. Thereafter, the State rested its case. Mr. Selby's testimony was not contradicted.

---

[1] In our sufficiency of the evidence review, we need not consider whether the evidence establishing appellant's child's age was hearsay. As previously noted, in our review of the sufficiency of the evidence, we consider all evidence even inadmissable evidence in the light most favorable to the State. *See George, supra.*

Based on the foregoing testimony, we conclude that there was sufficient evidence whereby a jury could have determined that appellant had a child who was less than eighteen years of age. Accordingly, the trial court properly denied appellant's motion for a directed verdict.

In appellant's second point on appeal, he argues that the trial court erred when it denied his objection to Paul Selby's testimony. Specifically, appellant argues that Mr. Selby's testimony regarding the age of appellant's child was inadmissable hearsay. A trial court is accorded wide discretion in evidentiary rulings. *Hawkins v. State*, 348 Ark. 384, 72 S.W.3d 493 (2002). We will not reverse a trial court's ruling on a hearsay question unless the appellant can demonstrate an abuse of discretion. *Peterson v. State*, 349 Ark. 195, 76 S.W.3d 845 (2002).

Pursuant to Rule 801(c) of the Arkansas Rules of Evidence, " 'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id*. Such testimony is generally inadmissible evidence. *See* Rule 802 of the Arkansas Rules of Evidence.

Appellant argues that the trial court allowed Paul Selby to offer hearsay testimony. The challenged testimony is found in the following colloquy:

> TRIAL COURT: The court's got a question. Mr. Selby, who is this child support being paid for?
>
> PAUL SELBY: For Chad.
>
> TRIAL COURT: Chad?
>
> PAUL SELBY: Chad Hampton. Yes, sir.
>
> TRIAL COURT: Hampton?
>
> PAUL SELBY: Yes, sir.
>
> TRIAL COURT: Who is Chad Hampton?
>
> PAUL SELBY: Chad Hampton is Robert Hampton and Ann Barnett's son who, I believe, has turned seventeen.

DEFENSE COUNSEL: Your honor, I'm going to object to this because there's no way this gentleman would know other than hearsay.

TRIAL COURT: Overruled.

■ Appellant argues that Mr. Selby's testimony regarding Chad Hampton's age is hearsay. Appellant's argument is misplaced because the testimony does not meet the definition of hearsay. Specifically, Mr. Selby was not testifying about a statement made by someone else. He was merely giving his opinion. Mr. Selby did not testify about what he was told or read, instead he testified about what *he* believed. Although it could be speculated that Mr. Selby was basing his testimony on information that he gained from outside sources, that speculation was not developed by further examination.[2] Because the challenged testimony was a statement made by the declarant while testifying at a trial, it was not hearsay. Accordingly, the trial court properly overruled appellant's objection and admitted the evidence.

In *Piercefield v. State*, 316 Ark. 128, 871 S.W.2d 348 (1994), a case which is useful in our analysis of the issues raised in the case *sub judice*, we were asked to consider whether the trial court erred in admitting testimony which the appellant argued was hearsay. Piercefield argued:

> [T]he trial court erred by allowing a witness for the State to give hearsay testimony based on Mr. Piercefield's medical records. This objection stems from the fact that the trial court allowed Officer Machund to give testimony concerning whether or not he believed Mr. Piercefield had suffered a head injury after he admitted he had looked at the medical records.

*Id.*

After outlining the applicable rules of evidence, we considered Mr. Piercefield's argument:

> After ascertaining that the officer had seen Mr. Piercefield's medical record at the hospital, the prosecutor began a question as follows,

---

[2] We note that the defense counsel did not inquire as to the basis of Mr. Selby's belief that Chad was seventeen. Without such an inquiry, we do not know whether Mr. Selby had known Chad since his birth, had reviewed a birth certificate, or had learned of Chad's age from other people or documents.

"Based on what you have seen, read and heard, and been told —." The question was interrupted by objection. The trial court, at the bench cautioned that it sounded like the prosecutor was about to elicit hearsay. The question was rephrased, "Do you have any reason to believe that Mr. Piercefield suffered from any sort of head injury that night?" The testimony did not fit the basic definition of hearsay. The witness did not say what was said in the medical records. While it could be inferred that he was basing his opinion in part on the medical records, the statement was not one made by other than the declarant.

*Id.*

■ The evidentiary issue raised in *Piercefield* is factually similar to the case now before us. We consider the analysis articulated and conclusions reached in *Piercefield* instructive in our resolution of the issue raised in the case on review. Applying the analysis from *Piercefield* to the case *sub judice*, we conclude that Mr. Selby's testimony does not fit the definition of hearsay outlined in Rule 801 of the Arkansas Rules of Evidence.

In his final point on appeal, appellant argues that the trial court erred when it denied his motion in *limine*. In his motion in *limine*, appellant asserted that he was charged with a Class D felony and that the statute of limitations for such crimes is three years. Based on the applicable statute of limitations, appellant requested that the trial court:

> [L]imit the State of Arkansas to the three year period of time prior to September 26, 2001, [the date upon which the criminal information was filed] within which to charge [appellant] with nonsupport, and therefore to calculate the arrears therefor under the provisions of A.C.A. section 5-1-109(b)(2).

At a hearing held on appellant's motion, the State argued that the crime of nonsupport was a continuing crime and that as such appellant's statute-of-limitations argument was without merit. The trial court agreed with the State and denied appellant's motion.

Arkansas Code Annotated § 5-1-109 (Supp. 2001) provides in relevant part:

> (b) Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation after their commission:

. . . .

(2) Class B, C, or D, or unclassified felonies, three (3) years;

. . . .

(e) For the purposes of this section, an offense is committed either when every element occurs or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

*Id.*

Appellant was charged with nonsupport in violation of Ark. Code Ann. § 5-26-401(b)(1)(C), a Class D felony. Specifically, appellant failed to provide court-ordered support for his child for more than four months and he was in arrears in the court-ordered support for more than $2,500. We have held that nonsupport is a continuing offense. *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1991).

On September 26, 2001, a criminal information was filed in this case. The information alleged that appellant had failed to provide court-ordered child support for his child "on or about a six-year period preceding September 25, 2001." Because in cases of continuing course of conduct the statute of limitations begins to run when the course of conduct or the defendant's complicity therein is terminated, the State's prosecution of the offense was within the three-year statute of limitations.

Appellant also contends that the amount of restitution owed should be limited to the three-year statute of limitations outlined in Ark. Code Ann. § 5-1-109. Specifically, he argues:

> As the statute of limitations is three years for a Class D felony, and the State proved an amount of court ordered support arrearages in excess of $2,500.00 within three years preceding September 25, 2001 . . . the court erred in setting restitution herein at a sum of $6,437.10, when the sum of restitution should have been $25.00 per week for three years or $3,900.00.

Appellant's contention is misplaced. Arkansas Code Annotated § 5-1-109 outlines the statute of limitations for the prosecution of criminal offenses. The statute does not address

limitations for calculation of penalties that may be imposed for particular offenses. Additionally, we note that limiting the amount of restitution that may be recovered in a criminal case based on a statute of limitations is contrary to the goal of restitution. Arkansas Code Annotated § 16-90-301 (1987) provides:

> The General Assembly recognizes that many innocent persons suffer injury, death, property damage, and resultant financial hardship because of crimes committed in this state and that there is a genuine need in this state to establish a method whereby the responsible offender, as far as practicable, may be required to make restitution to his victim so as to make that victim whole with respect to the financial injury suffered.

*Id.* Because the statutory provisions of Ark. Code Ann. § 5-1-109 set time limits for prosecution of crimes and not imposition of punishment, and because the goal of restitution is "to make a victim whole," we conclude that the trial court correctly denied appellant's motion in *limine* and properly ordered appellant to pay the entire amount of unpaid child support for the six-year period.

Affirmed.

DICKEY, C.J., not participating.