# Bobby MORRIS *v.* STATE of Arkansas

CA CR 03-1347 197 S.W.3d 41

## Court of Appeals of Arkansas
### Opinion delivered November 3, 2004

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. A jury convicted appellant Bobby Morris of Class B felony nonsupport and sentenced him to serve forty years in the Arkansas Department of Correction. He argues that the trial court erred in failing to grant his motion to dismiss and his motion for a directed verdict because the statute of limitations for a Class B felony is three years, and he was convicted for arrearages that date back more than three years from the time he was charged with nonsupport. Because the Arkansas Supreme Court has squarely rejected appellant's arguments, we affirm.

On November 5, 2002, appellant was charged with Class B felony nonsupport. On June 17, 2003, the State filed an amended information, more specifically alleging that appellant owed over $25,000 in child support as a result of not paying support from May 1, 1986, through June 1, 2003. On the morning of his trial, appellant filed a written motion to dismiss the charge, arguing that calculation of the arrearages exceeded the three-year statute of limitations for prosecution of a Class B felony.

Immediately before trial, appellant orally raised his motion to dismiss. He asserted that if arrearages were calculated for the three-year period prior to the filing of the information, he could be charged, at the most, with a Class C felony.[1] The State countered that the offense of nonsupport is an ongoing offense. The trial court denied the motion. Appellant later moved for a directed verdict based on the same argument. The trial court denied appellant's motion and subsequently denied his renewal, which was also based on the same argument. Appellant was convicted of the Class B felony and was ordered to serve forty years at the Arkansas Department of Correction. This appeal followed.

Appellant asserts that the three-year statute of limitations that applies to Class B felonies limits the State to calculating arrearages to those arrearages that occurred no more than three years prior to the date he was charged.[2] He asserts that the legislature has carved out no exceptions to the three-year statute of limitations that governs Class B felonies. Thus, he maintains that his charges should have been reduced to a Class C felony. Appellant reasons that classifying nonsupport as a continuing offense allows the State to wait until a person's arrearages reaches the level of the charging class that the State desires, ranging from a misdemeanor to a Class B felony. He notes that, according to the State's argument, he could have been charged in 1996 with a Class A misdemeanor, in 1997 with a Class C felony, and in 1998, with a Class B felony.

---

[1] Appellant states that the appropriate three-year period is June 1999 through June 2002. However, appellant was charged in June 2003, not June 2002. Even if the statute of limitations began when the information was originally charged, in November 2002, the prosecution still began within three years from the date the information was charged, and therefore, was timely.

[2] At trial, appellant also argued in his motion for a directed verdict that the State failed to show that his failure to pay was willful. However, he asserts only the statute-of-limitations argument on appeal.

The State contends that the legislative intent that nonsupport should be considered a continuing offense is seen in the fact that the legislature chose to elevate the class of offense based upon the total amount of arrearages. Otherwise, a person could never be guilty of Class B nonsupport unless they failed to pay a one-time payment of $25,000. Further, the State cites to the Commentary to the Arkansas Code and to *dicta* in which the Arkansas Supreme Court lists nonsupport as an example of a continuing offense. *See* Original Comment to Ark. Code Ann. § 5-1-110 (Repl. 1997); *see also Hagen v. State*, 318 Ark. 139, 883 S.W.2d 832 (1994) (stating in *dicta* that nonsupport is a continuing offense).

 Whether to grant a motion to dismiss a criminal prosecution lies within the discretion of the trial court. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). On appeal from the denial of a motion for a directed verdict, this court reviews the evidence in a light most favorable to the State, and affirms if substantial evidence supports the jury verdict; only evidence supporting the guilty verdict need be considered. *Id.*

Arkansas Code Annotated § 5-26-401(a)(2) (Supp. 2003) provides that a person commits the offense of nonsupport if he fails to provide support to his legitimate child who is less than eighteen years old. This statute further provides that nonsupport is a Class B felony if the person owes more than $25,000 in past-due-child support, and is a Class C felony if the person owes between $10,000 and $25,000 in past-due child support. A prosecution for a Class B or Class C felony must be brought within three years after the felony is committed. Ark. Code Ann. § 5-1-109(b)(2) (Supp. 2003).

 For statute of limitations purposes, a single, noncontinuing offense is committed when every element of the crime occurs. Ark. Code. Ann. § 5-1-109(e)(1). However, a continuing offense is committed for statute of limitations purposes at the time a course of conduct or the defendant's complicity therein is terminated. Ark. Code. Ann. § 5-1-109(e)(1). A continuing offense is seen in the legislative purpose to prohibit a continuing course of conduct. Ark. Code. Ann. § 5-1-109(e)(1). The test to determine if a situation involves a continuing offense is whether the individual acts are prohibited, or whether the prohibited conduct is the course of action which the individual acts consti-

tute. *McClennan v. State,* 337 Ark. 83, 987 S.W.2d 668 (1999). If it is the former, then each act is a separate offense; if it is the latter, the offense is a continuous offense. *Id.*

■ The State asserts that the issue of whether nonsupport is a continuing offense is an issue of first impression. However, the Arkansas Supreme Court has recently addressed this issue, and in so doing, has squarely held that nonsupport is a continuing offense. *See Hampton v. State,* 357 Ark. 473, 183 S.W.3d. 148 (2004). The *Hampton* defendant filed a motion *in limine,* seeking to limit the time period in which the State could charge him with nonsupport and seeking to limit the amount of time used to calculate the amount of child support owed. *Id.* The *Hampton* defendant argued that, because he was charged with Class D felony nonsupport, and because prosecutions for Class D felonies must be brought within three years of the date the offense is committed, he could only be charged with arrearages dating no earlier than three years prior to the date the information was filed. *Id.* The State countered that the offense of nonsupport was a continuing offense. The trial court in *Hampton* denied the defendant's motion. The Arkansas Supreme Court affirmed the trial court's ruling, holding that nonsupport is a continuing offense, and that the prosecution was timely because the information was filed within three years after the offense was committed. *Id.*[3]

■ The *Hampton* case compels affirmance in the instant case. The only difference between the *Hampton* case and this case is the appellant here was charged with a Class B felony instead of a Class D felony. However, the same statute provides a three-year statute of limitations for Class B, C, and D felonies. Ark. Code Ann. § 5-1-109(c). Here, appellant was originally charged on November 5, 2002. An amended information was filed on June 17, 2003, alleging that appellant failed to pay support from May 1, 1986, through June 1, 2003. Therefore, the offense, a continuing

---

[3] We note that the *Hampton* court stated that it held in *McClennan v. State, supra,* that nonsupport is a continuing offense. This statement appears to be in error, because the statement in *McClennan* that nonsupport was a continuing offense was *dicta.* The issue in *McClennan* was whether three instances of performing a terroristic act should be charged as a single, continuing offense. In stating the law governing continuous offenses, the *McClennan* court noted that nonsupport under § 5-26-401 was a continuing offense. Therefore, we do not cite *McClennan* as direct authority that nonsupport constitutes a continuing offense.

offense, was committed as of June 1, 2003, and the charge was filed within three years of the date the offense was committed. Accordingly, the trial court did not err in denying appellant's motion to dismiss or his motion for a directed verdict.

Affirmed.

NEAL, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in affirming this case, in which appellant Bobby Morris was sentenced as an habitual offender to serve forty years in the Arkansas Department of Correction for the offense of nonsupport. The evidence presented reflected that Morris had accumulated over $40,000 in child- support arrearages dating back to his 1986 divorce, which placed him well within the class B felony category, for which the sentencing range for habitual offenders with four or more convictions is five to forty years. The unrebutted evidence presented at trial also reflected that Morris had no record of income for over seven years; that he was disabled and without a home; that his prior convictions were drug-related; and, as was suggested by the prosecutor, that his problem stemmed in part from being a drug addict.

Prior to 1997, the offense of criminal nonsupport, Ark. Code Ann. § 5-26-401 (Repl. 1997) was a Class A misdemeanor, except that it became a Class D felony if the person absented himself from Arkansas to avoid the duty to support, or had previously been convicted of nonsupport. However, the statute was amended in 1997 to provide in pertinent part that the offense be a Class D felony where the amount owed is more than $5,000 and a Class B felony where the amount owed is more than $25,000.[1]

There are undeniably hundreds of noncustodial parents in the State of Arkansas who fall into Morris's category, and while I cannot question the wisdom of the legislature in Arkansas in

---

[1] The offense was further amended in 1999 to provide in pertinent part for the following felony classes according to the amount of past due support:

A Class D felony if:

(C) The person owes more than two thousand five hundred dollars ($2,500) in past-due child support, pursuant to a court order or by operation of law, and the amount represents at least four (4) months of past-due support.

enhancing the punishment for nonpayment of support in this fashion, it is hardly a sensible use of our limited prison resources or of taxpayer funds to exact such a level of punishment for the offense in question.

While the greatly enhanced penalty may serve to motivate those capable of securing the funds to liquidate their child support arrearages, the Bobby Morrises of this world will undoubtedly not have that ability, and will in essence face what resembles "debtors' prison" if this statute is as aggressively pursued across Arkansas as was the case with Morris.

---

(2) Nonsupport is a Class C felony if the person owes more than ten thousand dollars ($10,000) but less than twenty-five thousand dollars ($25,000) in past-due support, pursuant to a court order or by operation of law.

(3) Nonsupport is a Class B felony if the person owes more than twenty-five thousand dollars ($25,000) in past-due child support, pursuant to a court order or by operation of law.