William Joel REEVES  *v.*  STATE of Arkansas

CR 07-1127                                    288 S.W.3d 577

Supreme Court of Arkansas
Opinion delivered October 9, 2008

*Dyer and Jones*, by: *Dustin D. Dyer*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

E LANA CUNNINGHAM WILLS, Justice. This appeal requires our court to decide when the statute of limitations commences to run for the offense of criminal non-payment of child support. Appellant William Reeves married Maureen Reeves on October 28, 1977, and the couple had a daughter, Amanda Reeves, who was born on July 12, 1978. The Reeveses divorced on June 2, 1982, in Memphis, Tennessee. As part of the Tennessee divorce decree, William was ordered to pay $300 per month in child support. However, in the ensuing years, William paid little, if any, on his child support obligations. William moved to Benton in 1986. Amanda reached the age of eighteen in 1996.

In August of 2003, Maureen asked a Shelby County, Tennessee, court to reduce William's child-support arrearages to a judgment; the court did so and entered judgment against William in the amount of $43,392.00. On January 29, 2004, Maureen filed a petition to register the Tennessee judgment in the Saline County Circuit Court, and the circuit court granted her motion on March 24, 2004. Maureen enlisted the aid of the Saline County Office of Child Support Enforcement (OCSE) in an attempt to collect the judgment, but both parties were unsuccessful.

The OCSE finally referred the matter to the Saline County Prosecutor's Office on May 24, 2006. William was charged with

failure to pay child support, a Class B felony, on December 8, 2006.[1] On April 3, 2007, William filed a motion to dismiss the charges against him on the grounds that the statute of limitations had expired. The trial court denied his motion, finding that the offense of failing to pay child support is a continuing offense. The matter proceeded to jury trial, and a Saline County jury convicted William on one count of felony nonsupport. The circuit court accepted the jury's sentencing recommendation and sentenced William to 180 months' probation and ordered him to pay restitution. William filed a timely notice of appeal, and he now continues his argument that the State's prosecution should have been barred by the statute of limitations.

It is within the trial court's discretion to grant a motion to dismiss the prosecution of a charge. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994); *see also Cameron v. State*, 94 Ark. App. 58, 224 S.W.3d 559 (2006); *Morris v. State*, 88 Ark. App. 251, 197 S.W.3d 41 (2004). When a court's ruling on a matter is discretionary, we will not reverse unless there has been an abuse of that discretion. *See, e.g., Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000). An abuse of discretion may be manifested by an erroneous interpretation of the law. *See, e.g., Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003); *Wilburn v. State*, 346 Ark. 137, 56 S.W.3d 365 (2001).

This court has specifically held that nonsupport is a continuing offense. *See Hampton v. State*, 357 Ark. 473, 183 S.W.3d 148 (2004). For statute of limitations purposes, a continuing offense is committed at the time a course of conduct or the defendant's complicity therein is terminated. *See* Ark. Code Ann. § 5-1-109(e)(1)(B) (Repl. 2006). The primary question presented in the instant case is when the statute of limitations for the continuing offense of nonsupport begins to run. Stated another way, when did William's complicity in the crime end?

William urges that the statute of limitations should have begun to run at the time his daughter turned eighteen, in 1996. While he acknowledges that non-payment of child support is a continuing offense, he nonetheless contends that his complicity in the crime ended in 1996 when his child support obligation ceased

---

[1] The original information stated that the offense date was "6/3/1982 – 7/12/1996." However, an amended information filed on July 17, 2007, reflects an offense date of "6/3/1982 – 7/17/07."

to accrue. The State responds that the statute establishing non-payment of child support, Ark. Code Ann. § 5-26-401(a)(2) (Repl. 2006), does not provide that a minor child's reaching the age of majority ends the obligation to pay arrearages. Therefore, the State asserts, the continuing crime of felony nonsupport does not cease until the obligor meets his financial obligations.

In *Hampton v. State, supra,* the appellant, Hampton, was charged with criminal nonsupport for failing to provide court-ordered support for his child for approximately six years. The information alleged that he had failed to provide child support "on or about a six-year period preceding September 25, 2001," the date of the filing of the information. *Hampton,* 357 Ark. at 481, 183 S.W.3d at 153. Hampton filed a motion in limine seeking to limit the period of time in which the State could charge him for nonsupport and seeking to limit the time whereby the State could calculate the amount of child support owed. The trial court denied his motions. *Id.* at 475, 183 S.W.3d at 149.

On appeal, Hampton continued his argument that the State should have been limited to charging him with nonsupport for the three-year period of time prior to the date on which he was charged. *Id.* at 480, 183 S.W.3d at 152. This court rejected his argument, holding that, in cases of continuing courses of conduct, the statute of limitations begins to run when the course of conduct or the defendant's complicity therein is terminated; therefore, because he had failed to pay support for that six-year period, his complicity had not terminated at the time charges were filed, and the State's prosecution of the offense was within the three-year statute of limitations. *Id.* at 481, 183 S.W.3d at 153.

*Hampton,* however, is factually distinguishable from the instant case. In *Hampton,* the defendant's child was still under the age of eighteen, *see id.* at 477, 183 S.W.3d at 151, and his child-support obligations were thus still ongoing. In the present case, William Reeves's child turned eighteen in 1996, ten years before the State commenced its prosecution for nonsupport. Thus, *Hampton* does not squarely address the issue before the court.

Neither does *Morris v. State,* 88 Ark. App. 251, 197 S.W.3d 41 (2004). In *Morris,* the court of appeals relied on *Hampton* and held that, because the information alleged that the defendant failed to pay support from May 1, 1986, through June 1, 2003, the continuing offense of nonsupport was committed as of June 1, 2003, and the information, which was filed on June 17, 2003, was

filed within three years of the date the offense was committed. *Morris*, 88 Ark. App. at 255-56, 197 S.W.3d at 44. Again, though, as was the case in *Hampton*, there was no issue in *Morris* concerning whether the supported child's reaching the age of majority terminated the obligation to pay support and thus triggered the running of the statute of limitations.

As stated previously, nonsupport is a continuing offense. However, there is no controlling case law in Arkansas addressing the precise issue before the court — when the statute of limitations begins to run for that offense. It is plain that even a "continuing offense" has a point at which it terminates and the statute of limitations commences to run. *See, e.g., State v. Reeves*, 264 Ark. 622, 574 S.W.2d 647 (1979) (statute of limitations for the continuing offense of theft by receiving does not begin to run until defendant's possession of stolen property ends).

■ In this case, however, before we can determine when the statute of limitations began to run, we must determine which version of the statute governs William's crime. As noted above, William's daughter reached the age of eighteen in 1996. As of that date, Arkansas Code Annotated section 5-26-401 (Repl. 1993) read, in pertinent part, as follows:

> (a) A person commits the offense of nonsupport if, without just cause, he fails to provide support to:

> . . . .

> (2) His legitimate child who is less than eighteen (18) years old[.]

> . . . .

> (b) Nonsupport is a Class A misdemeanor, except that it is a Class D felony [in certain other circumstances not applicable to the instant case].

It was not until the statute was amended in 1997 that the degree of the offense came to depend upon the amount owed in past-due child support. *See* Act of Apr. 9, 1997, No. 1282, 1997 Ark. Acts 7275. Specifically, after the 1997 amendment, section 5-26-401(b)(1) still declared that failure to support a "legitimate

child who is less than eighteen years old" was a Class A misdemeanor; however, section 5-26-401(b)(2) added that nonsupport became a Class B felony "if the person owes more than twenty-five thousand dollars ($25,000) in past-due child support, pursuant to a court order or by operation of law." Ark. Code Ann. § 5-26-401(b)(2) (Repl. 1997). *See also Morris, supra* (Roaf, J., concurring).

The State chose to prosecute William under the current version of the law, charging him with a Class B felony because his arrearages amounted to more than $43,000.00. However, this court has frequently noted the "well-established rule that a sentence must be in accordance with the statutes in effect on the date of the crime." *State v. Ross,* 344 Ark. 364, 367, 39 S.W.3d 789, 791 (2001). The court has also "consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime." *Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007).

Arkansas case law also provides that no one has any vested right in a statute of limitations until the bar of the statute has become effective. *See Branch v. Carter,* 326 Ark. 748, 933 S.W.2d 806 (1996); *Morton v. Tullgren,* 263 Ark. 69, 563 S.W.2d 422 (1978); *Horn v. Horn,* 226 Ark. 27, 287 S.W.2d 586 (1956). The General Assembly may also validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action which has not been barred at the time the new statute becomes effective. *Morton v. Tullgren, supra.* However, the General Assembly only has the power to amend statutes of limitation affecting causes of action *which are not yet barred. See Branch v. Carter, supra.* Therefore, when the action is already time-barred at the time the new statute becomes effective, the General Assembly may not revive a cause of action previously barred by the existing statute of limitations. *See Durham v. Ark. Dep't of Human Servs.,* 322 Ark. 789, 912 S.W.2d 412 (1995).

This precept is applicable to criminal cases. *See Dye v. State,* 82 Ark. App. 189, 119 S.W.3d 513 (2003). In such cases, the statute of limitations is jurisdictional and goes to the court's power to try the case. *Patrick v. State,* 265 Ark. 334, 576 S.W.2d 191 (1979); *McIlwain v. State,* 226 Ark. 818, 294 S.W.2d 350 (1956).

Here, as mentioned above, the nonsupport statute was amended in 1997 to make nonsupport a Class B felony with a statute of limitations of three years. Prior to that date, however, the

statute was a Class A misdemeanor, which had a statute of limitations of one year. *See* Ark. Code Ann. § 5-1-109(b)(3) (Repl. 1993). We conclude that the date of the crime of nonsupport in this instance must be determined based upon the previous version of the statute, prior to its amendment in 1997.

■ This court strictly construes criminal statutes and resolves any doubts in favor of the defendant. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006); *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993). Although the crime of nonsupport is a continuing one, it is clear that, under the previous version of the statute, the defendant's course of conduct ended upon the child's eighteenth birthday. The previous version of the statute made it a crime for a person to "fail[ ] to provide support to [his] . . . [l]egitimate child who is less than eighteen (18) years old." No reference was made to non-payment of any past-due amounts. As a consequence, it is unnecessary to determine when the defendant's complicity ended under the new version of the statute.

■ Amanda Reeves's eighteenth birthday fell on July 12, 1996. The effective date of the 1997 amendment to section 5-26-401 was August 1, 1997.[2] The one-year statute of limitations in effect for a Class A misdemeanor expired several weeks prior to the effective date of the amended version of the statute (which incorporated the three-year statute of limitations for a Class B felony). The State was time-barred from bringing the misdemeanor charges against William Reeves under the prior version of the statute. Thus, the amended statute making non-payment of past-due amounts a Class B felony, with its three-year statute of limitations, may not be applied against Reeves. Accordingly, the circuit court erred in denying William's motion to dismiss the criminal charges against him.[3]

Reversed and dismissed.

---

[2] The General Assembly adjourned that year on May 2, 1997, and Act 1282 of 1997 did not contain an emergency clause. Pursuant to Amendment 7 of the Arkansas Constitution, Acts of the General Assembly that do not contain an emergency clause or a specified effective date become effective on the ninety-first day after the legislature adjourns. *See Tate v. Bennett*, 341 Ark. 829, 20 S.W.3d 370 (2000).

[3] William raised a second point on appeal in which he argued that his prosecution for a Class B felony violated the Ex Post Facto Clause of the Constitution; however, because we reverse on statute-of-limitations grounds, we need not address his second argument.