Cite as 2020 Ark. App. 498

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-845

| | |
|---|---|
| VIRGIL NATHAN OLIVER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 28, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04DR-18-36]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Virgil Oliver was convicted in a jury trial of rape and second-degree sexual assault. These offenses were committed against Oliver's daughter, S.O., in 2001 or 2002 when S.O. was nine or ten years old. For these offenses Oliver was sentenced to fifty-five years in prison, and he now appeals.

Oliver raises the following arguments on appeal. First, he argues that the trial court lacked jurisdiction to try him for these offenses because the applicable statutes of limitations had expired. Next, Oliver contends that the trial court erred in permitting his great-niece, R.T., to testify about sexual abuse he allegedly committed against her about seven years prior to trial because these events occurred *after* Oliver allegedly committed the charged offenses against S.O. Because the allegations involving R.T. occurred after the allegations involving S.O., Oliver argues that R.T.'s testimony was inadmissible for two reasons. Oliver claims that R.T.'s testimony was inadmissible under Arkansas Rule of Evidence

404(b) and that it does not fall within the pedophile exception to Rule 404(b). Oliver also argues that R.T.'s testimony should have been excluded under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice. We affirm.

The victim in this case, S.O., was born in November 1992. S.O. testified that she is Oliver's daughter and that he touched her inappropriately on multiple occasions in 2001 or 2002 when she was nine or ten years old. S.O. stated that when she was in elementary school, she lived with her mother, father, and brother. During this time period, Oliver would sit in his recliner in the living room, and S.O. would sometimes lie on top of him on her stomach with her face toward his feet. According to S.O., Oliver would touch her vagina, both outside and inside, under her clothes, and she stated that this happened more than once. S.O. further testified that this also happened in her parents' bedroom when she would be lying in bed with S.O., and he would reach under her clothes and touch her vagina with either his hand or a vibrating pen. S.O. testified that Oliver would also touch her vagina while they were in the car. S.O. stated that the sexual abuse began when she was under the age of ten and stopped when she was in middle school.

S.O. testified that she did not report the sexual abuse at that time because she felt ashamed and did not want anyone to know. However, in 2013, S.O. was taking a sex-crimes class while pursuing a degree in criminal justice. S.O. testified that everything "just started coming back," and she could not handle it anymore. S.O. told her mother, but no further action occurred.

Another four or five years passed, and on January 1 or 2, 2018, S.O.'s mother informed her of allegations concerning R.T. S.O.'s mother told S.O. that she had recently

2

received a call from R.T.'s father who stated that Oliver had allegedly sexually abused his minor child, R.T. As a result of this recently alleged sexual assault against R.T., S.O. decided to report to the police the sexual abuse Oliver had committed against her in 2001 and 2002. S.O. reported the sexual abuse to the police for the first time in January 2018. Oliver was arrested shortly thereafter and charged with rape and second-degree sexual assault.

R.T. gave the following testimony at the jury trial. R.T. testified that she is sixteen years old and that Oliver is her great-uncle. Oliver is the brother of R.T.'s grandmother. R.T. testified that when she was eight or nine years old, she would visit her grandmother at her house and that Oliver lived there. R.T. stated that she would spend most of her time watching television in the sunroom, which Oliver also used as his bedroom where he slept on the couch. R.T. testified that in the evenings while she was on the couch watching television, Oliver would sit beside her and tickle her neck and her sides. According to R.T., Oliver would then lift her shirt, put his hand under her pants, and touch her vagina on the outside with one hand while he while he tickled her with the other hand. R.T. stated that this happened about three times and that it happened the same way each time. R.T. did not initially disclose the sexual abuse because she was afraid of ruining her relationship with her grandmother. However, R.T. told her parents about it in January 2018, and they reported it to the police the next day.[1][2]

---

[1]The State also charged Oliver with sexual abuse committed against R.T.; however, those charges were severed from the charges involving S.O. prior to the trial.

[2]R.T.'s father subsequently called S.O.'s mother. S.O.'s mother then spoke with S.O. and advised her of the alleged assault of R.T. by Oliver.

The jury returned guilty verdicts on both rape and second-degree sexual assault and Oliver was sentenced to fifty-five years in prison. He now appeals.

Oliver's first argument on appeal is that the trial court lacked jurisdiction to try him for rape and second-degree sexual assault because the statute of limitations had expired for each offense.[3] When the sexual assault and rape against S.O. were committed in 2001 and 2002, a prosecution for rape could be commenced within six years of when the victim reached the age of eighteen, so long as the violation had not been previously reported to law enforcement or the prosecutor. *See* Ark. Code Ann. § 5-1-109(h)(7) (Supp. 1987). Therefore, the appellant argues that the statute of limitations for rape expired in 2016 and the charges were not filed until 2018.

Similarly, Oliver argues that the statute of limitations for the offense of second-degree sexual assault had also expired. When the sexual contact occurred in 2001 or 2002, there was a three-year statute of limitations for that offense. *See* Ark. Code Ann. § 5-1-109(b)(2) (Repl. 1997 & Supp. 2001) (providing a three-year limitations period for a Class B felony). Oliver argues that the statute of limitations expired in 2005 and the charges were not filed until 2018.

Oliver is incorrect in both arguments. The flaw in Oliver's arguments is that the legislature subsequently modified the statute of limitations for both rape and second-degree

---

[3]Although Oliver did not raise any argument below with respect to the statute of limitations, our supreme court has held that a statute-of-limitations issue implicates jurisdiction to hear the case and cannot be waived in a criminal matter. *See Dowdy v. State*, 2015 Ark. 35.

sexual assault prior to the expiration of the applicable statutes of limitations against Oliver, and therefore, the charges herein were timely filed.

In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. Ark. Code Ann. § 5-1-111(a)(4) (Repl. 2013). When a statute-of-limitations issue is reviewed on appeal, the appellate court views the evidence in the light most favorable to the State. *Dowdy*, *supra*. Our supreme court has held that no one has any vested right in a statute of limitations until the bar of the statute has become effective. *Reeves v. State*, 374 Ark. 415, 288 S.W.3d 577 (2008). Thus, the General Assembly may validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action that has not been barred at the time the new statute becomes effective. *Id.* However, the General Assembly only has the power to amend statutes of limitations affecting causes of action that are not yet barred. *Id.* Therefore, when the action is already time-barred at the time the new statute becomes effective, the General Assembly may not revive a cause of action previously barred by the existing statute of limitations. *Id.*

Applying the above principles, we conclude that neither of the charged offenses in this case were barred by the statute of limitations. This is because, although the applicable statutes of limitations were amended and lengthened after these offenses were committed, none of the existing statutes of limitations as applied against Oliver had expired prior to these amendments, and the statute applicable at the time the charges were filed provided that the prosecution for both offenses may be commenced at any time.

We first discuss the limitations period as it relates to the rape charge. In 1987, the General Assembly enacted legislation providing that if the offense was committed against a minor, a prosecution for rape may be commenced within six years of when the victim reached the age of eighteen, or twenty-four years of age, so long as the violation had not been previously reported to law enforcement or the prosecutor. *See* Ark. Code Ann. § 5-1-109(h)(7) (Supp. 1987). This was the limitations period in effect when the rape of S.O. was committed in 2001 or 2002. In 2011, when S.O. was eighteen years old, *and within the original limitations period*, the statute was amended to permit prosecution of the rape up until the time the child victim reached the age of twenty-eight years. *See* Ark. Code Ann. § 5-1-109(a)(2)(A) (Supp. 2011). Finally, in 2013, again *before the existing statute of limitations had expired*, the statute was amended to allow the prosecution for rape committed against the child victim to be commenced at any time. *See* Ark. Code Ann. § 5-1-109(a)(1)(D) (Repl. 2013). This 2013 version of the statute, which permitted the prosecution for rape to be commenced at any time, was in effect when the rape charge was brought against Oliver in 2018. Therefore, the rape charge against Oliver was not time-barred.

With respect to the timeliness of the second-degree sexual–assault charge, the following considerations apply. When the sexual contact occurred in 2001 or 2002, there was a three-year statute of limitations for that offense. *See* Ark. Code Ann. 5-1-109(b)(2) (Repl. 1997 & Supp. 2001) (providing a three-year limitations period for a Class B felony). In 2003, *during the original three-year limitations period*, the statute was amended such that a prosecution for second–degree sexual assault may be commenced within three years of when the victim reached the age of eighteen, or twenty-one years of age, so long as the violation

6

had not been previously reported to law enforcement or the prosecutor. *See* Ark. Code Ann. § 5-1-109(h)(9) (Supp. 2003). In 2011, when S.O. was eighteen years old, *and within the then existing limitations period*, the statute was amended again to permit prosecution of the second-degree sexual assault up until the time the child victim reached the age of twenty-eight years. *See* Ark. Code Ann. § 5-1-109(a)(2)(C) (Supp. 2011). Finally, in 2013, *again before the existing statute of limitations had run*, the statute was amended to allow the prosecution for second-degree sexual assault to be commenced at any time. *See* Ark. Code Ann. § 5-1-109(a)(1)(G) (Repl. 2013). This 2013 version of the statute, which permitted the prosecution for second-degree sexual assault to be commenced at any time, was in effect when the second-degree sexual-assault charge was brought against Oliver in 2018. Therefore, the second-degree sexual-assault charge against Oliver was not time-barred, and Oliver's statute-of-limitations challenge as to both offenses fails.[4]

Oliver's two remaining arguments challenge the admission of R.T.'s testimony that she had been sexually abused by Oliver sometime around 2010. In essence, Oliver argues that because the sexual assault against R.T. occurred seven or eight years *after* the rape and assault of S.O., it was erroneous to allow R.T. to testify concerning the sexual assaults against her. Oliver claims that such evidence was inadmissible under Arkansas Rule of Evidence 404(b), which provides:

> (b) *Other Crimes, Wrongs, or Acts*. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in

---

[4]Oliver also argues, in a single conclusory sentence, that the expansion of the statute of limitations violates due process and equal protection. However, Oliver cites no authority for this contention, nor does he make any convincing argument supporting it. Accordingly, we do not address it. *See Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004); *Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996).

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Oliver acknowledges that there is a "pedophile exception" to Rule 404(b), which permits evidence of the defendant's prior similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship, and to prove the depraved instinct of the accused. *See Butler v. State*, 2010 Ark. 259. However, Oliver asserts that the pedophile exception is inapplicable here because the acts allegedly committed against R.T. occurred several years *after* the charged acts committed against the victim, S.O. Alternatively, Oliver contends that R.T.'s testimony should have been excluded under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice.

We conclude that Oliver's arguments challenging the admission of R.T.'s testimony are not preserved for review. At a pretrial hearing, Oliver made an oral motion in limine arguing that R.T.'s testimony should be excluded based on Rules 404(b) and 403. The trial court did not rule on the motion and instead asked Oliver to file a written motion, which would give the State ample time to respond. Oliver filed a written motion in limine, again arguing that R.T.'s testimony should be excluded under Rules 404(b) and 403, and the State filed a written response. However, the trial court did not rule on Oliver's motion in limine. And further, when R.T.'s testimony was offered at trial, Oliver failed to make an objection.

The burden of obtaining a ruling on a motion in limine is on the appellant. *Garrison v. State*, 319 Ark. 617, 893 S.W.2d 763 (1995). It is well settled that an appellant must

obtain a ruling on his or her argument to preserve it for appeal. *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003). Because Oliver failed to obtain a ruling on his motion in limine and failed to object to R.T.'s testimony at trial, his arguments concerning R.T.'s testimony are not preserved, and we decline to address them.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Marks Law Firm*, by: *Tom Marks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.