Cite as 2025 Ark. App. 236

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-303

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** April 16, 2025 |
| HYRUM PALMER | | |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-23-637] |
| V. | | |
| | | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Hyrum Palmer appeals after he was convicted by a Washington County Circuit Court jury of three counts of second-degree sexual assault. He was sentenced to serve an aggregate of 180 months' incarceration. On appeal, appellant contends that (1) there was insufficient evidence to support the verdict; and (2) the applicable statute of limitations had expired. We affirm.

I. *Relevant Facts*

Appellant was charged by amended information with three counts of second-degree sexual assault in violation of Arkansas Code Annotated section 5-14-125(a)(3) (Repl. 2024), a Class B felony. Between 2007 and 2013, appellant had sexually assaulted his three daughters when they were under fourteen years old. A jury trial was held on January 23, 2024.

On the morning of trial, appellant moved to dismiss the charges relative to any conduct that occurred before July 26, 2011, because the statute of limitations in effect when those offenses occurred had expired. He explained that before 2011, the statute of limitations stated that a prosecution for second-degree sexual assault may be commenced within three years of when the victim reached the age of eighteen, or twenty-one years of age, so long as the violation had not been previously reported to law enforcement or the prosecutor. *See* Ark. Code Ann. § 5-1-109(h)(9) (Supp. 2003). Appellant argued that because his prosecution did not commence until after the victims had turned twenty-one, the claims should be dismissed. The State disagreed and argued that the legislature had extended the period in 2011 and 2013 before the existing statute of limitations had expired. The circuit court agreed with the State and denied the motion.

At trial, Minor Child 1 (MC1) testified that she was born on August 26, 1997, and that appellant is her father. She explained that when she was between the ages of ten and fourteen, appellant would ask her to lie in his bed with him where he would scratch her back. She recalled that on one occasion, when she was thirteen, appellant touched her breasts and clitoris and asked whether it felt good. MC1 said her mother was sewing in the living room when this occurred, and she did not tell anyone because she was afraid of her father. She eventually reported the incident to law enforcement at the age of twenty-five.

MC1 testified that during the pendency of this case, she came across a letter appellant had written to his ex-wife and MC1's mother, Kelly Palmer. In the letter, appellant asked Kelly to apologize to the three victims for his "bad choices," stating it was "not their fault."

2

He wrote, "I wish and hope there is a way I could make up for the hurt I have caused this family . . . it was my choices that got me here."

Minor Child 2 (MC2) testified that she was born on September 26, 2001, and that appellant is her father. She explained that appellant molested her when she was between the ages of six and twelve. She recalled that appellant would ask her to lie in his bed with him to watch R-rated movies. He would then touch her breasts under her clothing. MC2 testified that this would occur while their mother was in the sewing room. Occasionally, appellant would ask MC2's sister, Minor Child 3 (MC3), to watch a movie with them. Appellant would have MC2 lie down behind him and scratch his back while he touched MC3. MC2 recalled that he would compare her body to MC3's body during these times; appellant said MC3 "matured a lot faster." MC2 testified that she did not tell anyone about the incidents when they had occurred because she was afraid of "backlash" from appellant. She eventually told her mother about the incidents when she was twenty-one years old and her parents were going through a divorce.

MC3 testified that she was born on December 26, 1999, and that appellant is her father. She explained that appellant inappropriately touched her when she was between the ages of eleven and fourteen. Appellant would ask MC3 to lie on her side in his bed with him while they watched movies. Appellant would then rub her breasts and vagina, both under and over her clothes. MC3 recalled that appellant rubbed baby powder on her breasts and vagina even though there was no medical reason for him to do this. MC3 further recalled that MC2 would sometimes join them but that he would touch her while MC2 was

3

lying down behind him. This would occur while her mom was sewing in the other room. MC3 did not say anything at the time because she was embarrassed, but she eventually told her mother about the sexual assaults when she was twenty-three years old.

After the State rested its case, appellant moved for a directed verdict, stating the following:

> As to Count 1, which is [MC1] . . . there's been no credible evidence that the defendant engaged in sexual contact with the victim. Before January 26, of 2011, when she was less than 14-years of age, her testimony was that at some point the defendant had touched her on the clitoris. There has been no other corroborating evidence of that from the other victims relative to how that touching was done. There's been no indication that there was any discussion of that among the family. And basically prior to the July 26, 2011, there is no evidence that there was any touching.
>
> As to Count 2, there is no credible evidence that the defendant engaged in sexual contact with [MC2] before the July 26, 2011, while she was less than 14-years of age.
>
> And then, relative to Count 3, being [MC3], there's no credible evidence that the defendant engaged in sexual contact with the victim before July 26, 2011, while she was less than 14-years of age.

The circuit court denied appellant's motion for directed verdict.

Appellant then testified on his own behalf. He testified that he was recently divorced from Kelly. He admitted that he did get in bed with the three victims and that he scratched their backs and chests. He denied touching MC1's clitoris. Appellant admitted that he would often put baby powder and ointment on the victims' rashes because they were "bed wetters." He denied getting any sexual gratification when he did this and denied having any inappropriate sexual contact with the victims.

After appellant's testimony, he renewed his motions for directed verdict, stating for each count that the State failed to make a prima facie case that there was any sexual contact, sexual intercourse, or deviate sexual activity. He then added the following new additional argument: "In each of these cases with the purpose, or knowingly doing so in order to achieve any sexual gratification, specifically prior to July 26th, of 2011, as to each of these witnesses." The circuit court denied the motion, stating that the State had made a prima facie case, the motion was not specific, and there was substantial evidence from which a reasonable juror could convict.

The jury found appellant guilty of three counts of second-degree sexual assault. He was sentenced to serve an aggregate of 180 months' incarceration. This appeal followed.

## II. *Sufficiency of the Evidence*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to

decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

On appeal, appellant argues that there was insufficient evidence to show that the sexual contact was for the purpose of sexual gratification. The State correctly points out that appellant's argument is not preserved.

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must move for directed verdict at the close of the evidence offered by the prosecution *and* at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2023). A motion for directed verdict shall state the specific grounds therefor. *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Without a circuit court ruling on a specific motion, there is nothing for this court to review. *Id.* Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c); *Bradley*

6

*v. State*, 2013 Ark. 58, 426 S.W.3d 363. An appellant must make a specific motion for a directed verdict that informs the circuit court of the exact element of the crime that the State has failed to prove. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428. Rule 33.1 is strictly construed. *Id.* Moreover, a party cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Id.*

Here, appellant did not argue in his initial directed-verdict motion at the close of the State's case that there was insufficient evidence that the sexual contact was for the purpose of sexual gratification. Instead, appellant generically argued there was no credible evidence that the defendant engaged in sexual contact with the victim. There was no mention in his argument that there was insufficient evidence that the sexual contact was for the purpose of sexual gratification until he renewed his motion at the close of all the evidence. However, that comes too late. *See Daniels*, *supra*. Because appellant did not include this argument in his initial motion, we are unable to reach this argument on appeal. *See Featherston v. State*, 2024 Ark. App. 207, 687 S.W.3d 150.

Appellant further claims that Arkansas case law holding that the State need not offer direct proof of sexual gratification violates the constitutional requirement that each element must be established beyond a reasonable doubt. However, appellant did not make this constitutional argument in his directed-verdict motion at trial; therefore, his constitutional argument is barred on appeal. *McCree v. State*, 2021 Ark. App. 205, 624 S.W.3d 114. Accordingly, we must affirm.

7

III. *Statute of Limitations*

Last, appellant complains that there was no testimony of the specific dates that the sexual assaults occurred. He therefore argues that "it is impossible to determine which statute of limitations should apply and if some of the allegations are time-barred." Appellant moved below to dismiss any charges that were related to conduct that occurred before July 26, 2011, because the statute of limitations in effect when those offenses occurred had expired. The circuit court denied appellant's motion, and we agree that none of the second-degree sexual-assault charges brought against appellant were time barred.

In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. Ark. Code Ann. § 5-1-111(a)(4) (Repl. 2013). Arkansas case law provides that "no one has any vested right in a statute of limitations until the bar of the statute has become effective." *Reeves v. State*, 374 Ark. 415, 420, 288 S.W.3d 577, 581 (2008). Accordingly, the General Assembly may validly enlarge the period of limitations and make the new statute apply to a cause of action that has not been barred when the new statute becomes effective. *Kimball v. State*, 2024 Ark. 3. However, if the action is already time-barred when the new statute becomes effective, the General Assembly may not revive a cause of action. *Id.* We review a circuit court's denial of a motion to dismiss a criminal case on statute-of-limitations grounds under the abuse-of-discretion standard. *Kimball*, *supra*. For the circuit court to have abused its discretion with regard to a motion to dismiss, it must have acted improvidently, thoughtlessly, or without due consideration. *Id.*

This court has held that the testimony of a sexual-assault victim may constitute substantial evidence to support a sexual-assault conviction. *Bynum v. State*, 2021 Ark. App. 298, 626 S.W.3d 154. Generally, when a crime is alleged to have occurred is not of critical significance unless the date is material to the offense. *Id.* In cases of rape or sexual assault, the evidence is sufficient if the victim gave a full and detailed accounting of the defendant's actions. *Id.* Moreover, when the defense is that the sexual acts never occurred and were entirely fabricated, the lack of exact dates is not prejudicial to the defendant. *Id.* Relevant to this discussion, MC1 testified that she was born on August 26, 1997, appellant sexually assaulted her when she was between the ages of ten and fourteen, and she reported the incidents when she was twenty-five. MC2 testified that she was born on September 26, 2001, appellant sexually assaulted her when she was between the ages of six and twelve, and she reported the incidents when she was twenty-one. MC3 testified that she was born on December 26, 1999, appellant sexually assaulted her when she was between the ages of eleven and fourteen, and she reported the incidents when she was twenty-three.

In 2003, Arkansas Code Annotated section 5-1-109(b)(2) (Repl. 1997 & Supp. 2001) was amended such that a prosecution for second-degree sexual assault may be commenced within three years of when the victim reached the age of eighteen, or twenty-one years of age, so long as the violation had not been previously reported to law enforcement or the prosecutor. *See* Ark. Code Ann. § 5-1-109(h)(9) (Supp. 2003). In 2011, when all three of the victims were under twenty-one years of age and therefore still *within the then existing limitations period*, the statute was amended again to permit prosecution of second-degree

9

sexual assault any time before the child victim reached the age of twenty-eight. *See* Ark. Code Ann. § 5-1-109(a)(2)(C) (Supp. 2011). The statute was amended again in 2013, *also before the existing statute of limitations had expired* since none of the victims had yet turned twenty-eight, to allow the prosecution for second-degree sexual assault to be commenced *at any time*. *See* Ark. Code Ann. § 5-1-109(a)(1)(G) (Repl. 2013). This 2013 version of the statute, which permitted the prosecution for second-degree sexual assault to be commenced at any time, was in effect when the second-degree sexual-assault charges were brought against appellant in 2023. Therefore, the second-degree sexual-assault charges against appellant were not time-barred, and appellant's statute-of-limitations challenges fail. *See Oliver v. State*, 2020 Ark. App. 498, 612 S.W.3d 738. Thus, we affirm.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: A. *Evangeline Bacon*, Ass't Att'y Gen., for appellee.